```
               IN THE UNITED STATES DISTRICT COURT
                FOR THE SOUTHERN DISTRICT OF OHIO
                          EASTERN DIVISION
```

Paul Lane,
              :
    Plaintiff,                  Case No. 2:11-cv-0966
              :
    vs.
              :         Magistrate Judge Kemp
City of Pickerington, et al.,
              :
    Defendants.

<u>OPINION AND ORDER</u>

    This matter is before the Court on two motions for summary judgment – one filed by defendants Mitch O'Brien and Linda Fersch and one filed by plaintiff Paul Lane. Also before the Court are Mr. Lane's motion to strike the defendants' motion for summary judgment and Mr. O'Brien and Ms. Fersch's motion for leave to file instanter their motion for summary judgment. For the following reasons, Mr. O'Brien's and Ms. Fersch's motion for summary judgment will be granted and Mr. Lane's motion for summary judgment will be granted in part and denied in part. The remaining motions will be resolved as set forth below.

                          I. <u>Background</u>

    As this Court has explained previously, this case arises out of Mr. Lane's being fired from his job as an inspection administrator for the City of Pickerington. He was fired in November 2009 for allegedly having pornographic images on his work computer. The procedural background of this case is extensively detailed in the Court's order of September 9, 2015, <u>see</u> <u>Lane v. City of Pickerington</u>, 2015 WL 5244462 (S.D. Ohio Sept. 9, 2015) (Doc. 77). Consequently, it will not be repeated at great length here. For purposes of the current motions, the relevant background is as follows.

    On August 20, 2013, Magistrate Judge Mark R. Abel, the previously assigned Magistrate Judge, granted separate motions

for summary judgment filed by the Pickerington Personnel Appeals Board and the City of Pickerington and by individual defendants Mitch O'Brien, Michael D. Taylor, and Linda Fersch.  In resolving the motions, Magistrate Judge Abel determined that Mr. Lane "received all the process to which he was entitled" and granted summary judgment to the defendants on Mr. Lane's claim that his procedural due process rights had been violated.

Mr. Lane appealed Magistrate Judge Abel's decision to the Court of Appeals.  On November 14, 2014, the Court of Appeals issued an opinion and order affirming in part, reversing in part, and remanding the case for further proceedings.  The Court of Appeals affirmed Judge Abel's grant of summary judgment to defendants on Mr. Lane's post-deprivation due process claim and his state-law defamation claim.  However, the Court of Appeals reversed Judge Abel's award of summary judgment to defendants on Mr. Lane's pre-termination due process claim and remanded the case for further proceedings consistent with its opinion. See Lane v. City of Pickerington, 588 Fed.Appx. 456 (6th Cir. Nov. 14, 2014).

Following remand, Ms. Fersch and Mr. O'Brien filed their current motion for summary judgment directed to Mr. Lane's pre-deprivation due process claim.  Shortly thereafter, Mr. Lane filed his own motion asking for summary judgment "against Defendants on his claim for a pre-deprivation due process violation based on Defendants' failure to show him the photographs allegedly found on his computer, which denied Plaintiff his due process right to a meaningful opportunity to tell his side of the story."  As he notes in his reply, this motion was directed to defendants City of Pickerington, Michael Taylor, Ms. Fersch and Mr. O'Brien, but only Ms. Fersch and Mr. O'Brien have responded.

Briefing on Ms. Fersch's and Mr. O'Brien's motion for summary judgment was stayed pending a ruling on two motions in

-2-

limine filed by the City of Pickerington and the Personnel Appeals Board.  One of these motions sought to exclude evidence of economic damages and the other sought to preclude Mr. Lane from pleading an additional claim for violation of his procedural due process rights based on alleged charges of sexual harassment.  The Court granted in part and denied in part the motion to exclude evidence of economic damages and denied the motion regarding the additional deprivation claim.  Following this order, the parties completed their briefing on Ms. Fersch's and Mr. O'Brien's summary judgment motion.  Mr. Lane's motion for summary judgment was fully briefed prior to the Court's ruling on the motions in limine.

Before addressing the motions for summary judgment, the Court will turn briefly to the parties' other motions.  Mr. Lane has moved to strike, on grounds of untimeliness and waiver, Ms. Fersch's and Mr. O'Brien's motion for summary judgment.  A review of this motion indicates that Mr. Lane raises these same arguments in his response to the motion for summary judgment.  The Court will consider the arguments in the context of that motion and, therefore, will deny the motion to strike.  Following Mr. Lane's motion to strike, Mr. O'Brien and Ms. Fersch filed a motion for leave to file instanter their motion for summary judgment.  That motion will be denied as moot since the motion has been filed and will be decided on its merits.

## II.  Facts

The facts of this case have been previously set forth at some length by both this Court and the Court of Appeals.  In connection with the motions for summary judgment, the parties have not challenged the accuracy of these facts nor cited to any additional facts they deem necessary for the Court's consideration of the motions.  Consequently, in addressing the current motions, the Court will consider the facts as set forth by the Court of Appeals in Lane v. City of Pickerington, supra,

at 459-61,, but will limit its focus to those relating to the events surrounding Mr. Lane's predeprivation due process hearing.

    City policy prohibits viewing pornography on city computers. The city's internet guidelines prohibit using a computer to view pornographic, obscene, and sexually oriented images.

    At approximately 8:20 a.m. on October 29, 2009, Taylor gave Lane a predisciplinary notice of an October 30 predisciplinary hearing. Lane was not told that he might be terminated or that he had the right to be represented by an attorney at the hearing.

    Taylor held the predisciplinary hearing which began at 10:00 a.m. on October 30, 2009. Personnel director Fersch was present, but did not participate. Taylor asked Lane to explain the pornography found on his computer. Lane asked to see the images found on his computer, and Taylor refused to show them to him. Lane testified that he told Taylor that he did not put pornography on the computer. He further told Taylor that "if there are any images, the only way I am aware there could be any would be from checking my personal email. You open something from a buddy and it's an off color joke and a picture of boobs.... I'm not aware of ever opening up any emails on my work computer." Although his computer was password protected for login, Lane testified that anyone could access his computer during the work day because he was often out of his office and his computer was on from 6:00-6:30 a.m. to 5:00-6:00 p.m.

    During the hearing, Taylor told Lane he had the option of resigning or being fired. Lane testified that Taylor him that he could resign and receive a good recommendation. Lane asked to consider the offer over the weekend. On Monday, Lane told Taylor he would not resign. Taylor testified that he alone made the decision to fire Lane for looking at pornography on a work computer.

    On October 30, 2009, probably after the predisciplinary hearing, Taylor asked the Sgt. Gene Delp to witness Eric Vannatta examine Lane's computer. Vannatta ran a program to search for deleted files and printed out a list of those files. Vannatta told Delp he was looking for pornography. Delp's recollection was that Vannatta found some cookies from pornography

sites and history of internet visits to those sites. However, he did not include those findings in his report to Taylor, and that type of finding should have been included in the report. Vannatta found U2 software on Lane's computer, which could have been used to run a web browser and other software without using the computer's hard drive. A Google Chrome browser was also installed on the computer. That browser would permit the user to browse the internet anonymously without creating any entries on the internet history file.

Delp reported to Taylor that Vannatta found pornographic images that appeared to come from pornographic websites. Taylor told him to write a summary report. Delp wrote a report either that day or the next. That report reads, in relevant part:

> Eric Vannatta provided computer tools which would recover deleted files, and showed me how he had used this software to recover appx. 30 files which indicated the computer had been used to access pornography over the internet. The files were still in the computer's hard drive, and were again located by the software provided by Eric Vannatta among 42,000 images which had been deleted from the computer. The pornography files were located in the Internet Explorer 5 temporary files and dated in 2005. The location of the files is consistent with files stored during the use of Internet Explorer. This is contrary to the claim from Mr. Lane that the files were delivered to his computer in an email. The history of Internet Explorer was set to save the internet browsing history for 999 days; however the only history on the computer was from seven days prior to his pre-disciplinary meeting with Chief Taylor. I would conclude that Mr. Lane had cleaned the computer prior to examination by Eric and me.
>
> I also discovered that "U-3" software had been installed on the computer. This software is included on some thumb drives and allows for applications to be run directly from the thumb drive. These applications can include internet browsers, on-line chatting software, video players, etc. and can access the internet

>without leaving any trace on the computer hard drive.  Mr. Lane also had Google Chrome installed on his computer.  This program is an internet browser capable of running in "Incognito Mode."  This mode allows the user to browse the internet without saving any history or temporary files to the computer's hard drive.
>
>On November 5, 2009, Lane picked up from personnel director Fresch a letter terminating his employment.  Lane believes he may have been fired because he was perceived to be "too close to Tim" Hansley.  Plaintiff has proffered no evidence supporting that speculation.
>
>On November 2, 2009, Taylor issued a letter terminating Lane that was [allegedly] based on false and/or misleading statements made by Fersch and others.  On November 17, 2009, Lane submitted a request for hearing before the Personnel Appeals Board.  Defendants notified plaintiff that he was not a classified employee and that the PAB did not have jurisdiction over his appeal.  Lane was [allegedly] denied his right to due process because defendants failed to comply with Section 9.03 of Pickerington City Ordinances.  Defendants [allegedly] violated their clear duty to provide Lane with post-deprivation due process to conduct a hearing and to issue a determination on the merits of his appeal.

### III.  Legal Standard

Summary judgment is not a substitute for a trial when facts material to the Court's ultimate resolution of the case are in dispute.  It may be rendered only when appropriate evidentiary materials, as described in Fed. R. Civ. P. 56(c), demonstrate the absence of a material factual dispute and the moving party is entitled to judgment as a matter of law.  <u>Poller v. Columbia Broadcasting Systems, Inc.</u>, 368 U.S. 464 (1962).  The moving party bears the burden of demonstrating that no material facts are in dispute, and the evidence submitted must be viewed in the light most favorable to the nonmoving party.  <u>Adickes v. S.H. Kress & Co.</u>, 398 U.S. 144

(1970).  Additionally, the Court must draw all reasonable inferences from that evidence in favor of the nonmoving party.  United States v. Diebold, Inc., 369 U.S. 654 (1962). The nonmoving party does have the burden, however, after completion of sufficient discovery, to submit evidence in support of any material element of a claim or defense on which that party would bear the burden of proof at trial, even if the moving party has not submitted evidence to negate the existence of that material fact.  See Celotex Corp. v. Catrett, 477 U.S. 317 (1986); Anderson v. Liberty Lobby, Inc., 477 U.S. 242 (1986).  Of course, since "a party seeking summary judgment ... bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of [the record] which it believes demonstrate the absence of a genuine issue of material fact," Celotex, 477 U.S. at 323, the responding party is only required to respond to those issues clearly identified by the moving party as being subject to the motion.  It is with these standards in mind that the instant motion must be decided.

IV.  Ms. Fersch's and Mr. O'Brien's Motion for Summary Judgment

### A.  The Parties' Positions

Based on the above facts, Ms. Fersch and Mr. O'Brien have moved for summary judgment, contending that Mr. Lane cannot establish their individual liability for his pre-deprivation due process claim.  They explain that Mr. O'Brien was not involved in Mr. Lane's pre-disciplinary hearing or the decision to terminate Mr. Lane.  As they see it, in order for Mr. O'Brien to be individually liable, Mr. Lane must show that Mr. O'Brien, by his own actions, violated Mr. Lane's constitutional right to view the evidence of pornography at his deprivation hearing.  Further, they state that Ms. Fersch appeared at the pre-deprivation hearing but did not participate and did not offer any opinion as

to whether she believed Mr. Lane should be fired.  Further, they note that she was not a decision maker, she did not see the pictures prior to either the hearing or Mr. Lane's termination, she did not prepare a report or discuss the pictures with the investigators, and she did not prepare Mr. Lane's termination memorandum.

In response, Mr. Lane initially makes the same procedural arguments offered in support of his motion to strike.  He does not address the merits of defendants' argument regarding individual liability.  Instead, with respect to the issue of individual liability, Mr. Lane contends that the Court of Appeals has already held, in reversing the summary judgment holding and without distinguishing among defendants, that all "Defendants had the opportunity to provide Lane pre-deprivation process pursuant to an established procedure - and indeed did provide a pre-termination hearing, albeit a constitutionally inadequate one."

In their reply, aside from challenging Mr. Lane's suggestion of their motion's procedural irregularity, Mr. O'Brien and Ms. Fersch note that Mr. Lane fails to address the merits of their argument regarding their lack of personal involvement.  In response to Mr. Lane's position that the Court of Appeals has already resolved this issue, they make two arguments.  First, they contend that Mr. Lane's argument based on the Court of Appeals' use of the plural "Defendants" is one of form over substance, and the word was more likely to refer to Chief Taylor and the City of Pickerington.  Further, they argue that the Court of Appeals issued a general, rather than a limited, remand allowing this Court the "'authority to address all matters as long as remaining consistent with the remand.'"

## B. <u>Analysis</u>

Initially, the Court does not find persuasive Mr. Lane's arguments that Ms. Fersch's and Mr. O'Brien's motion for summary

judgment is untimely or that they have waived their ability to move for summary judgment on his pre-deprivation due process claim.  First, as the defendants point out, no dispositive motion deadline was set following remand.  Further, as they explain, it was not until the Court of Appeals' ruling that they understood that Mr. Lane had pled a pre-deprivation due process claim.  Further, "[n]othing in Rule 56 prohibits the filing of successive summary judgment motions, and this Court routinely entertains such motions."  Derungs v. Wal-Mart Stores, Inc., 162 F.Supp.2d 861, 867 (S.D. Ohio 2001).  Consequently, the Court will not deny the motion for summary judgment on these grounds but will instead turn to the merits of the motion.

Before doing so, however, the Court will address the scope of the remand issued by the Court of Appeals as touched on by Ms. Fersch and Mr. O'Brien.  In remanding this case, the Court of Appeals stated:

> We **AFFIRM** the district court's grant of summary judgment to Defendants on Lane's post-deprivation due process claim and his Ohio defamation claim, **REVERSE** the award of summary judgment to Defendants on Lane's pre-termination due process claim, and **REMAND** for further proceedings with this opinion.

Lane v. City of Pickerington, supra, at 469.

The mandate rule has been explained as follows:

> Under the so-called mandate rule, "'a district court is bound to the scope of the remand issued by the court of appeals.'" United States v. O'Dell, 320 F.3d 674, 679 (6th Cir. 2003)(quoting United States v. Campbell, 168 F.3d 263, 265 (6th Cir. 1999)).  Remands may be general or limited.  Id. A limited remand "explicitly outline[s] the issues to be addressed by the district court and create[s] a narrow framework within which the district court must operate.  In contrast, general remands give district courts authority to address all matters as long as remaining consistent with the remand."  Campbell, 168 F.3d at 265.  A remand is general unless it "convey[s] clearly the intent to limit the scope of the district court's review by

>
> outlining the procedure the district court is to
> follow, articulating the chain of intended events, and
> leaving no doubt as to the scope of the remand."
> United States v. Shafer, 23 F.App'x 380, 382 (6th Cir.
> 2001). Thus, "[i]n the absence of an explicit
> limitation, the remand order is presumptively a general
> one." United States v. Moore, 131 F.3d 595, 598 (6th
> Cir. 1997).

American Exp. Travel Related Services Co., Inc. v. Hollenbach, 2012 WL 404873, *3 (E.D. Ky. Feb. 7, 2012). A "remand for further proceedings consistent with this opinion" contains no limiting language and is presumptively a general one. United States v. Lopez, 453 Fed.Appx. 602, 604 (6th Cir. 2011).

In light of the above, the Court agrees with defendants that the remand in this case is general in scope. With this in mind, the Court's starting point for considering the defendants' summary judgment motion is the nature of Mr. Lane's pre-deprivation due process claim as set forth by the Court of Appeals. In describing Mr. Lane's pre-deprivation due process claim, the Court of Appeals stated:

> "In the context of employment rights, the Supreme
> Court has explained that 'the root requirement of the
> Due Process [C]lause' is "that an individual be given
> the opportunity for a hearing *before* he is deprived of
> any significant property interest.'" Mitchell, 375 F.3d
> at 480 (emphasis in original) (quoting Cleveland Bd. of
> Ed. v. Loudermill, 470 U.S. 532, 5542 (1985)). This
> court has explained:
>
>> Pre-termination hearings "need not be
>> elaborate." [Loudermill, 470 U.S. at 545]. "The
>> tenured public employee is entitled to oral or
>> written notice of the charges against him, an
>> explanation of the employer's evidence, and an
>> opportunity to present his side of the story."
>> [Id. at 546]. This "initial check against
>> mistaken decisions" is all that is necessary where
>> an employee is provided with a full post-
>> termination hearing. [Id. at 545]; Brickner v.
>> Voinovich, 97 F.2d 235, 237 (6th Cir. 1992)("The
>> Supreme Court has held that, depending on the

-10-

> circumstances, a pre-termination hearing, although necessary, may not need to be elaborate, as long as the plaintiff is entitled to a full hearing with the possibility of judicial review at the post-termination stage."). Post-termination hearings, on the other hand, "serve to ferret out bias, pretext, deception and corruption by the employer in discharging the employee." <u>Duchesne v. Williams</u>, 849 F.2d 1004, 1008 (6th Cir. 1988).
>
> Lane was denied adequate pre-deprivation due process. Under <u>Loudermill</u>, a pre-deprivation hearing must include an explanation of the employer's evidence. Lane was denied the opportunity to see the photographs he was accused of viewing and retaining, depriving him of a "meaningful opportunity to tell his side of the story." <u>Loudermill</u>, 470 U.S. at 546. Additionally, a jury could find that Lane was not given notice of all the charges against him. Lane was notified of the charge that he "viewed and retained" offensive images, but he was not notified of any sexual-harassment or hostile work-environment charges, even though Taylor stated in a termination memorandum to the State of Ohio that Lane "created a hostile working environment that makes the women feel uneasy when Paul is present," and stated in a letter to the Ohio Bureau of Unemployment Compensation that, "in regards to sexual harassment," Lane made comments about masturbation to a female employee, made an alleged sexual comment to another employee about her breasts, was allegedly changing his pants in his office with the door open, and allegedly invaded female employees' personal spaces by walking right up to them or behind them. The lack of meaningful notice and an opportunity to be heard is evident given that Taylor based his decision to terminate Lane in part on Lane's "failure to present any evidence to the contrary at the [pre-termination] hearing."

<u>Lane v. City of Pickerington</u>, <u>supra</u>, at 459-460.

As noted above, the focus of Ms. Fersch's and Mr. O'Brien's motion is that they were not personally involved in the alleged denial Mr. Lane's pre-deprivation due process rights. Certainly, a defendant's personal involvement in the deprivation of

-11-

constitutional rights is required to establish liability under §1983.  Polk County v. Dodson, 454 U.S. 312, 325 (1981). Allegations of direct involvement in constitutional deprivations, rather than attempts to impose liability by virtue of the doctrine of *respondeat superior*, are necessary in order to hold an individual defendant liable under §1983.  Monell v. Department of Social Services, 436 U.S. 658 (1978).  Although there are other legal claims that can properly be asserted against a supervisor simply because someone under his or her supervision may have committed a legal wrong, liability for constitutional deprivations under 42 U.S.C. §1983 cannot rest on such a claim. Consequently, unless the plaintiff's complaint affirmatively pleads the personal involvement of a defendant in the allegedly unconstitutional action about which the plaintiff is complaining, the complaint fails to state a claim against that defendant and dismissal is warranted.  See also Bellamy v. Bradley, 729 F.2d 416, 421 (6th Cir. 1984).  This rule holds true even if the supervisor has actual knowledge of the constitutional violation as long as the supervisor did not actually participate in or encourage the wrongful behavior.  See Shehee v. Luttrell, 199 F.3d 295, 300 (6th Cir. 1999) (prison officials cannot be held liable under §1983 for failing to respond to grievances which alert them of unconstitutional actions); see also Stewart v. Taft, 235 F.Supp.2d 763, 767 (N.D. Ohio 2002) ("supervisory liability under §1983 cannot attach where the allegation of liability is based upon a mere failure to act").

   The facts as set forth by both this Court and the Court of Appeals demonstrate the lack of involvement of both Ms. Fersch and Mr. O'Brien in the alleged denial of Mr. Lane's pre-deprivation due process rights arising from the failure to show Mr. Lane the photographs allegedly found on his computer.  Mr. Lane does not seriously contend otherwise or set forth any other

facts in an effort to raise a genuine issue sufficient to preclude summary judgment.  Consequently, the Court will grant summary judgment to Ms. Fersch and Mr. O'Brien on the ground that Mr. Lane produced no evidence that they were personally involved in the denial of his pre-deprivation due process rights.

In doing so, the Court notes that, contrary to Mr. Lane's assertions, such a result is not inconsistent with the Court of Appeals' ruling on this issue and is within the scope of the remand.  The Court of Appeals did not hold that Ms. Fersch and Mr. O'Brien were individually liable for violating Mr. Lane's pre-deprivation due process rights by their failure to show Mr. Lane the photographs allegedly found on his computer.  Rather, the Court of Appeals held only that Mr. Lane had asserted a claim for a violation of his pre-deprivation due process rights and that the defense of qualified immunity was unavailable.

### V.   Mr. Lane's Motion for Summary Judgment
#### A.   The Parties' Positions

Mr. Lane's motion for summary judgment is one and one-half pages in length and relies exclusively on the Court of Appeals' decision.  As noted above, in his motion, Mr. Lane asserts that he is entitled to summary judgment against all defendants "on his claim for a pre-deprivation due process violation based on Defendants' failure to show him the photographs allegedly found on his computer, which denied Plaintiff which denied Plaintiff his due process right to a meaningful opportunity to tell his side of the story."  Ms. Fersch and Mr. O'Brien have responded, incorporating by reference their summary judgment motion and contending that Mr. Lane is not entitled to summary judgment against them for the reasons set forth above.  In his reply, Mr. Lane notes that the City of Pickerington and Mr. Taylor have not responded to the motion, and he requests that summary judgment be entered in his favor against these specific defendants.

B.  <u>Analysis</u>

Briefly, for the reasons explained above, Mr. Lane's motion for summary judgment will be denied as to Ms. Fersch and Mr. O'Brien.  As a result, the Court will limit its consideration of Mr. Lane's motion to Mr. Taylor and the City of Pickerington.

As Mr. Lane notes, these defendants have not responded to his motion.  However, Fed.R.Civ.P. 56 indicates that the failure to respond to a motion for summary judgment alone is not sufficient grounds for granting summary judgment.  See <u>Lyons v. Donahoe</u>, 2015 WL 457855, *4 (S.D. Ohio Feb. 2, 2015)("A nonmovant's failure to respond to a motion for summary judgment does not, in itself, entitle the movant to judgment as a matter of law").  Specifically, Rule 56(e) states:

> If a party fails to properly support an assertion of facts or fails to properly address another party's assertion of fact as required by Rule 56(c), the court may:
>
> (1) give an opportunity to properly support or address the fact;
> (2) consider the fact undisputed for purposes of the motion;
> (3) grant summary judgment if the motion and supporting materials - including the facts considered undisputed - show that movant is entitled to it; or
> (4) issue any other appropriate order.

Consequently, despite the fact that these defendants have not responded to Mr. Lane's motion, the Court must determine whether Mr. Lane is entitled to judgment against them as a matter of law.

As set forth above, the Court of Appeals concluded that Mr. Lane was denied due process when he was not provided with a constitutionally adequate pre-termination hearing because he was not permitted the opportunity to see the photographs he was accused of viewing and retaining.  The facts, as recited by the Court of Appeals, indicate that there is no factual dispute that Mr. Taylor conducted the predisciplinary hearing and that he did

not provide the images to Mr. Lane for review.  Because he has not responded, Mr. Taylor has not set forth any additional facts raising any factual dispute.  In light of the Court of Appeals' ruling and the lack of any factual dispute on this issue, Mr. Lane's motion for summary judgment on this claim will be granted as to Mr. Taylor.

Turning to the City of Pickerington, "[a] plaintiff raising a municipal liability claim under §1983 must demonstrate that the alleged federal violation occurred because of a municipal policy or custom."  Burgess v. Fischer, 735 F.3d 462, 478 (6th Cir. 2013), citing Monell v. Dep't of Soc. Servs., 436 U.S. 658, 694 (1978).  "A plaintiff can make a showing of an illegal policy or custom by demonstrating one of the following: (1) the existence of an illegal official policy or legislative enactment; (2) that an official with final decision making authority ratified illegal actions; (3) the existence of a policy of inadequate training or supervision; or (4) the existence of a custom of tolerance or acquiescence of federal rights violations."  Id., citing Thomas v. City of Chattanooga, 389 F.3d 426, 429 (6th Cir. 2005).  "A municipality 'may not be sued under §1983 for an injury inflicted solely by its employees or agents.'"  Id., quoting Monell, 436 U.S. at 694.

Mr. Lane has not addressed any of these issues in his motion, instead relying solely, and quite generally, on the Court of Appeals' decision as his basis for moving for summary judgment.  To the extent that Mr. Lane makes any argument in support of his motion, he states that "[t]his Court being bound by the decision and mandate of the Court of Appeals, summary judgment must be granted in Paul Lane's favor on his §1983 claim that Defendants violated his due process rights when he was not shown the photographs allegedly found on his computer at his pre-termination hearing."  However, the Court of Appeals had only

this to say about Mr. Lane's municipal liability claim:

> The City of Pickerington argues that notwithstanding any due process deprivation, we must affirm the grant of summary judgment in its favor because <u>Monell v. New York City Department of Social Services</u>, 436 U.S. 658 (1978), precludes municipal respondeat superior liability. However, a municipality may be liable for the actions of its employees or agents under §1983 where the "acts may fairly be said to represent official policy." <u>Monell</u>, 436 U.S. at 694. Lane contends that municipal liability is proper under <u>Monell</u> because the City delegated its responsibility for pre-disciplinary due process to Taylor, thus making Taylor a final decision maker on the issue, and because the City failed to train Taylor. The district court did not reach the issue because it found no constitutional violation. Summary judgment for the City based on <u>Monell</u> is inappropriate where Taylor, the City Manager, appears to have been the final decision maker when dealing with city employees.

<u>Lane v. City of Pickerington</u>, <u>supra</u>, at 467-468. By way of footnote, the Court of Appeals indicated that the City had raised <u>Monell</u> in response to Mr. Lane's motion for summary judgment. The City did not assert it as a ground for granting its own motion for summary judgment. <u>See id</u>. at fn. 10.

    The Court of Appeals' discussion merely states that summary judgment in favor of the City is not appropriate based on <u>Monell</u>. This discussion does not require the reverse to be true and cannot be construed as a holding that Mr. Lane is entitled to summary judgment against the City on his pre-deprivation due process claim. As the Court of Appeals noted, this Court did not reach this issue when it granted the City's motion for summary judgment. Further, as discussed above, the Court of Appeals issued only a general remand, leaving the issue open for further proceedings.

    Consequently, in moving for summary judgment on this issue, Mr. Lane remains bound by the requirements of Rule 56. Mr. Lane's responsibility in seeking summary judgment is to come forward with

his evidence because he is required "to present facts necessary to demonstrate that there was 'no genuine dispute as to any material fact'" and that he was "'entitled to judgment as a matter of law.' Fed.R.Civ.P. 56(a)." Delphi Automotive Systems, LLC v. United Plastics, Inc., 418 Fed.Appx. 374, 381-382 (6th Cir. 2011). Rule 56 states specifically:

> (c)(1) Supporting Factual Positions. A party asserting that a fact cannot be or is genuinely disputed must support the assertion by:
>
> (A) citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials; or
>
> (B) showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact.

Mr. Lane has not done so here, instead choosing to rely only on the Court of Appeals' decision to support his motion for summary judgment in his favor against the City. As a result, despite the City's lack of response, the Court has no record from which to conclude that Mr. Lane is entitled to summary judgment against the City on his pre-deprivation due process claim. Consequently, Mr. Lane's motion for summary judgment will be denied as to the City of Pickerington.

## VI. Order

For the reasons stated above, Defendants O'Brien's and Fersch's motion for summary judgment (Doc. 67) is granted. Plaintiff's motion for summary judgment (Doc. 69) is granted in part and denied in part. Summary judgment on his predeprivation hearing claim is granted against Defendant Taylor and denied without prejudice as to Defendant City of Pickerington. The motion to strike (Doc. 79) is denied. Defendants' motion for

leave (Doc. 88) is denied as moot.

/s/ Terence P. Kemp
United States Magistrate Judge